UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

PRESSLER AND PRESSLER, LLP,
a New Jersey Limited Liability Partnership,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND, is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, PRESSLER AND PRESSLER, LLP, is a New Jersey Limited Liability Partnership, and law practice engaged in the business of

collecting consumer debt, which operates from offices located at 7 Entin Rd, Parsippany (Morris County), New Jersey 07054-5020.

5. At all times material to the allegations of this complaint, Defendant was acting as a "debt collector", as that term is defined in the FDCPA, with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

6. Defendant sought to collect an alleged debt of less than $2,000 dollars from Plaintiff arising from his use of a "Discover" credit card which was used by Plaintiff primarily for the purchase of personal, family or household goods.

7. On April 7, 2011, Defendant filed a lawsuit in Sussex County, New Jersey against Plaintiff seeking to collect upon an alleged debt of $1,966.39 dollars.

8. Plaintiff does neither reside in Sussex County, New Jersey nor did he execute a contract for a Discover credit card in Sussex County, New Jersey.

9. Plaintiff attempted to inform Defendant of same on numerous occasions by telephone but no action was ever taken on the part of Defendant. Furthermore, Defendant's employees refused to allow Plaintiff to speak with the attorney who initiated the complaint and denied any wrongdoing on their part.

10. That only when Plaintiff disclosed that he was in fact a Florida licensed attorney and was about to initiate a federal action did Defendant finally relent and dismiss the (impermissible) state court lawsuit.

11. That a cursory review of the Discover credit card records in Defendant's possession would have revealed Plaintiff's true address which is in the State of Florida.

12. That it should not take the threat of legal action to motivate Defendant to comply with federal law. 15 U.S.C. § 1692i; *see also*, *Harrison v. NBD Inc.*, 968 F.Supp. 836 (E.D.N.Y. 1997) (explaining that FDCPA is a remedial statute to be liberally construed, imposing strict liability excused only by the bona fide error defense); *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("…the FDCPA protects all consumers, the gullible as well as the shrewd.")

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant violated the Fair Debt Collection Practices Act by filing a legal action in a county in which Plaintiff did neither reside nor sign an agreement upon which the alleged debt was based. Defendant violated 15 U.S.C. § 1692i, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 6th day of June, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com


By:/s/ Scott D. Owens
 Scott D. Owens, Esq.
 Florida Bar No. 0597651